# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DOMENIC VINCI,

      Plaintiff,

v.

RONALD QUAGLIANI, et al.,

      Defendants.

3:08-cv-01935 (CSH)

**RULING ON PLAINTIFF'S
MOTION TO COMPEL**

HAIGHT, Senior District Judge:

In this First Amendment retaliation case, Plaintiff Domenic Vinci has moved to compel all defendants to respond to an interrogatory that seeks to identify their political activities. That interrogatory queried:

> 2.    Please identify who you supported in the 2005 election for West Haven mayor.

Pl.'s Mot. ex. 1 [doc. #22-1]. Defendants have all objected on the ground that responding to this interrogatory would violate a purported "political vote privilege," which preserves the secrecy of an individual's choice at the ballot box. Defendants have also objected that this interrogatory seeks information that is irrelevant in light of the defendants' answers to other interrogatories, which make clear that none of the defendants "knew who the plaintiff supported, endorsed, or voted for in the 2005 West Haven mayoral election," and that none of the defendants was ever "aware of the plaintiff's vote at the Democratic Town Committee," where the gravamen of plaintiff's retaliation claim originates. Defs.' Responses to Pl.'s Second Interrogs. & Reqs. For Produc., Def.'s Obj'n ex. B [doc. #23-2] (providing the same response for each defendant).

I am not convinced that the so-called political-vote privilege applies to the interrogatory at issue here, because the interrogatory specifically seeks to determine whom each defendant "*supported*" in the election (emphasis mine).

Supporting a candidate and voting for a candidate are related, but separable, concepts. Public acts of support carry no privacy interest whatsoever, precisely because they are public, and private acts of support are still subject to many disclosure obligations, such as campaign-finance laws that require candidates to disclose the sums of money donated by their supporters. Because this interrogatory does not seek to learn the actual content of a defendant's vote, and because a defendant may vote her conscience at the ballot box regardless of whom she "supported" prior to the election, I am not convinced that this interrogatory violates any political privacy rights.

Nevertheless, defendant's relevance objection is sound.  The gravamen of plaintiff's complaint is that he was "retaliated against for his activities on the West Haven Democratic Town Committee by appointees and cronies of a former mayor due to the plaintiff's support of a rival [presumably Democratic] mayoral candidate in 2005."  Pl.'s Mot. [doc. #22] at 1.  Because defendants have averred that they never knew of plaintiff's support for a rival candidate, and there is no present proof to the contrary, their possible support for another candidate is irrelevant.

Defendants' objection to Plaintiffs Interrogatory No. 2 dated February 1, 2010, is hereby SUSTAINED, and plaintiff's Motion to Compel is hereby DENIED.  It is SO ORDERED.

Dated: New Haven, Connecticut
       May 4, 2010

                                    ___/s/ Charles S. Haight, Jr._____
                                    Charles S. Haight, Jr.
                                    Senior United States District Judge